# United States District Court
# Northern District of Indiana
# Hammond Division at Lafayette

| | |
|---|---|
| DR. TAJ MOHAMMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4:06-CV-101 JVB |
| ) | |
| ) | |
| BOARD OF TRUSTEES OF ) | |
| PURDUE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Dr. Taj Mohammad's objections to Magistrate Judge Paul R. Cherry's Findings, Report, and Recommendation to grant Defendant's Motion for Summary Judgment. For the reasons set forth below the Court **OVERRULES** Plaintiff's objections and adopts Judge Cherry's Findings. Accordingly, the Court **GRANTS** Defendant's motion for summary judgment.

**A. Standard of Review**

A district court reviews de novo any portion of a magistrate judge's report and recommendation to which specific written objection has been made. Fed. R. Civ. P. 72(b). The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. *Id.*

**B.  Background**

On August 30, 2005, Plaintiff filed an EEOC charge alleging that Defendant discriminated against him on the basis of his race, religion, and national origin. Plaintiff is Asian, Indian, and Muslim.  Following receipt of a Notice of Suit Rights, Plaintiff filed this action alleging that he was terminated from employment in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981.  He also alleged wrongful termination under Indiana law.  Defendant's Motion for Summary Judgment was referred to Magistrate Judge Paul R. Cherry, who issued his Findings on February 27, 2008. Plaintiff filled timely objections on March 25, 2008, to which Defendant responded on April 9, 2008.  A detailed recitation of the material facts is set out in Judge Cherry's report, pages 4–29, and will not be repeated here, especially since Plaintiff has adopted "substantially all" of the facts set out in the report.  (*See* Pl. Obj., at  4, n.1 [DE 37].)

**C.  Discussion**

Plaintiff raises no objections to Judge Cherry's conclusion that his claim for damages against Defendant the Trustees of Purdue University under 42 U.S.C. § 1981 is precluded on the basis of state sovereign immunity as embodied in the Eleventh Amendment.  Neither does he challenge Judge Cherry's determination that his state law wrongful termination claim is barred because of his failure to comply with the Indiana Tort Claims Act.  Therefore, the Court adopts those portions of Judge Cherry's Findings without further discussion.

Plaintiff's objections to Judge Cherry's Findings are based on his contention that Plaintiff established a prima facie case of discrimination under Title VII of the Civil Rights Act

2

of 1964, as amended, 42 U.S.C. § 2000e et seq., by means of the indirect burden-shifting method of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973) and its progeny, that the Defendant did not sufficiently rebutt.[1]  The *McDonnell Douglas* approach requires that a plaintiff first establish certain prima facie elements suggesting discrimination:  his membership in a protected class; job performance that meets his employer's legitimate expectations; an adverse employment action; and others similarly situated but not members of the plaintiff's protected class who received more favorable treatment than the plaintiff.  If the Plaintiff succeeds in establishing a prima facie case, the burden of productions shifts to the Defendant to offer a permissible, nondiscriminatory reason for the adverse employment action.  If the Defendant meets this burden, Plaintiff must demonstrate that the purported reasons are but a pretext or fabrication.  *See Fane v. Locke Reyonlds, LLP,* 480 F.3d 534, 538 (7th Cir. 2007); *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 696 (7th Cir. 2006).

    Judge Cherry found that the Plaintiff could not demonstrate that he was meeting his employer's legitimate job expectations or that similarly situated employees received more favorable treatment under similar circumstances.  Even assuming that the Plaintiff could establish a prime facie case, Judge Cherry found that the Defendant had expressed legitimate, nondiscriminatory reasons for terminating him and found nothing in the record to support the conclusion that the stated reasons were fabrications.

---

[1] Plaintiff also suggests, somewhat half-heartedly, that 28 U.S.C. § 636 required the magistrate judge to hold a hearing on the summary judgment motion, but cites no authority.  The Court agrees with Defendant that the Federal Rules of Civil Procedure and the Northern District of Indiana Local Rules provide the complete answer to this argument: Trial courts may by rule or decide motions on briefs without oral argument.  Fed. R. Civ. P. 78.  Under Local Rule 56.1 all motions for summary judgment are to decided without oral argument unless a request for oral argument is granted under Local Rule 7.5 or the court orders it sua sponte.  No request for oral argument was made by either party.

With regard to his employer's expectations, Plaintiff claims that Judge Cherry erred in relying on Defendant's claim that Plaintiff failed to meet weekly with Richard Meilan, a Primary Investigator in the Molecular Tree Physiology Lab ("PI"), and to improve communications with him. Plaintiff claims that he had not refused to meet with Meilan as the Plaintiff's supervisor, Swihart, had directed Plaintiff to do.  Rather, according to Plaintiff, he had merely refused to meet with Meilan *at Meilan's office*.  Plaintiff points to Swihart's deposition answer that the meetings could have taken place in Plaintiff's office rather than Meilan's.  The point is that no meetings took place anywhere.  Swihart explicitly told Plaintiff to improve his communication with Meilan by establishing and attending meetings with him twice a week. Swihart placed the responsibility on Plaintiff, not Meilan, to improve the communication between the two of them in this way. Meilan declined to meet Plaintiff at Plaintiff's office.  Plaintiff declined to meet Meilan at Meilan's office.  The result was that Plaintiff did not meet with Meilan as Swihart had explicitly directed him to do. Plaintiff's evidence is insufficient to demonstrate that he was meeting Defendant's legitimate expectations.

Plaintiff further contends that Judge Cherry erred in finding that Plaintiff had failed to establish that any similarly situated employees not in his protected class were treated more favorably than he.  The Court disagrees.  An employee is similarly situated to a plaintiff if the two employees not only report to the same supervisor, but also have engaged in similar conduct without such differentiating circumstances as would distinguish the employer's  treatment of them.  *Snipes v. Ill. Dep't of Corrs.,* 291 F.3d 460, 463 (7th Cir. 2002).

Plaintiff names Marcia Kremer as his comparator.  She, like Plaintiff, was a lab manager of a lab in the Department of Forestry, supervised by Swihart.  However, she did not work with

4

Meilan.  Plaintiff argues that because Kremer held the same job title as he but was not subjected to all of the same demands that Meilan, supported by Swihart, made on him, she is a similarly situated employee who received better treatment under similar circumstances.  However, as Swihart stated in an e-mail to Meilan of September 7, 2004, it was Plaintiff's responsibility as a lab manager "to accommodate PIs with different styles and expectations."  Findings (DE 34), p. 12.  Plaintiff has not offered any evidence of how Swihart treated Kremer when faced with complaints, if any, that she had failed to adjust to the styles and expectations of the PIs with whom she worked.  Thus, Kremer cannot be considered a similarly situated employee who received better treatment.

Finally, Plaintiff protests that Defendant has not articulated a non-discriminatory motive for his termination and that there is ample evidence that the reasons given were fabrications.  Once again the Court agrees with Judge Cherry. Defendant's proffered reason for terminating Plaintiff as stated in the termination notice of January 7, 2005, was his "unwillingness to address assignments discussed in email correspondence of 30 November and 16 December 2004, and in our meetings of 25 October and 12 November 2004." (Pl. Appendix to Memo in Op. to Mot. for SJ, Ex. 10 [DE 27-14]).  In his written directive to Plaintiff of October 25, 2004, Swihart specified that between then and November 3, Plaintiff was to "establish and attend two weekly meetings with Dr. Meilan" (Pl. Appendix, Ex.6 [DE 27-10]) which Plaintiff admitted he did not do.  In a directive dated November 12, 2004, Swihart reiterated that Plaintiff should "establish and attend two weekly meetings with Dr. Meilan." ( Pl. Appendix, Ex. 8 [DE 27-12]).  No such meetings took place, again, as Plaintiff admits.  Plaintiff's performance as a lab manager was honestly deemed insufficient by his supervisor.  Moreover, even after Plaintiff was given the

5

opportunity to correct his performance, he failed to do so.  The record does not support Plaintiff's claim that the stated reasons for terminating Plaintiff were fabrications.

**D.  Conclusion**

For the foregoing reasons, the Court overrules Plaintiff's objections to Magistrate Judge Cherry's Findings, Report and Recommendation.  The Court **ADOPTS** Magistrate Judge Cherry's Findings, Report, and Recommendation and **GRANTS** Defendant's Motion for Summary Judgment in its entirety.

SO ORDERED on May 15, 2008.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge
